**CUSTOM SPORTS APPAREL, INC., Plaintiff–Appellee,**

v.

**SQUIRES HIGHTECH CORP. and William T. Squires, Jr., Defendants–Appellants.**

No. 01–9228.

United States Court of Appeals, Second Circuit.

Jan. 8, 2002.

Peter T. Cobrin, Cobrin & Gittes, New York, NY, for Appellants.

John B. Farley, Halloran & Sage, Hartford, CT, for Appellee.

Present JON O. NEWMAN, KATZMANN, Circuit Judges and GLEESON,* District Judge.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court is vacated in part, modified in part, and, as partially vacated and modified, is affirmed, and the case is remanded.

---

\* Honorable John Gleeson of the United States District Court for the Eastern District of New York, sitting by designation.

Squires Hightech Corp. and William Squires, Jr., appeal from the injunction entered August 23, 2001, by the District Court for the District of Connecticut (Alvin W. Thompson, District Judge).

1. Although the District Court and the parties refer to the injunction as a preliminary injunction, it appears to be what we have previously called a final injunction of limited duration. *See Guinness Harp Corp. v. Jos. Schlitz Brewing Co.*, 613 F.2d 468, 471 (2d Cir.1980). As in *Guinness Harp*, the Plaintiff has obtained an injunction in an action on a contract that contains an arbitration clause. The Plaintiff informed us at oral argument that it will seek arbitration, and the Defendants represented that they do not object to arbitration. Thus, the primary and likely the only effect of the injunction is to impose prohibitions on the Defendants during the interval between issuance of the injunction and the confirmation of an award the arbitrators might issue in the Plaintiff's favor. The District Judge noted that he was "happy to have somebody else take care of the rest of the case." Transcript of Aug. 22, 2001, at 11. If the arbitrators adjudicate all aspects of the Plaintiff's claims, the District Court will have no occasion to give further consideration to the Plaintiff's claim for injunctive relief.

■ If what has been issued is a final injunction, then our review is plenary, rather than for abuse of discretion; the Plaintiff must show not merely a probability of success, but entitlement to relief; and the Plaintiff need show only equitable considerations warranting an injunction, rather than the risk of irreparable injury required for a true preliminary injunction. *Guinness Harp*, 613 F.2d at 471.

It is possible, however, that the arbitration will not result in adjudication of all aspects of the Plaintiff's complaint, in which event some aspects of the case may yet remain for adjudication by the District Court, and, in that event, the injunction might turn out, at least in part, to be preliminary to some form of a traditional final injunction.

As it happens, the conclusions and the disposition we reach in considering the injunction would be the same, whether we regard it as preliminary or final.

2. The District Court and the parties appear to have assumed that if the Plaintiff can establish the traditional prerequisites for a preliminary injunction, it is entitled to have one issued. It is arguable, however, then when suit is brought on a contract containing an arbitration clause, a district court's authority to grant even temporary injunctive relief must be grounded on language in the contract that contemplates such a remedy. We found such language in *Guinness Harp*, 613 F.2d at 470. With respect to the contract in the pending appeal, it is possible to infer that because the parties bargained for an exclusive arrangement between them and also provided for arbitration, they contemplated that, in the event the exclusivity provision was breached, the Plaintiff would be entitled to injunctive relief in the interim between the breach and arbitration. We will assume that such an inference should be drawn, in the absence of any claim by the Defendants that injunctive relief is unavailable under the contract.

■ 3. The Defendants' primary challenge to the injunction is that the District Court failed to make findings sufficient to support the provisions of the injunction. The Plaintiff responds that the Defendants cannot complain of any deficiency, if it exists, because, when the District Court offered to make more detailed findings, counsel for the Defendants replied, "That's okay, Your Honor." Transcript of Aug. 22, 2001, at 7. We have some doubt whether that response triggers the "invited error" doctrine, urged by the Plaintiff, a doctrine normally available to bar a party from complaining on appeal of a ruling it explicitly sought in the trial court. However, we need not assess the applicability of the "invited error" doctrine here because the findings are adequate to support the first and third paragraphs of the injunction (as modified hereinafter), and the response of Defendants' counsel cannot be considered a waiver of the need for findings as to the second paragraph, concerning trade secrets; prior to making his oral ruling, Judge Thompson stated that he was considering only three of the Plaintiff's causes of action (breach of contract, breach of implied covenant of good faith, and violation of the Connecticut Unfair Trade Practices Act). Since the Judge was not assessing the sixth and eleventh causes of action of the complaint, dealing with trade secrets, counsel for the Defendants had no reason to be concerned with the adequacy of findings to support injunctive relief as to those causes of action.

We note, however, that the need for adequate findings is normally not a matter to be left to counsel's preference. Findings are necessary to permit adequate appellate review, and a district court should make sufficient findings to permit such review.

As to the relief in paragraph one of the injunction, the District Court found that Squires Hightech was obligated to manufacture Saddle Cloth 3D exclusively for the Plaintiff and that it breached the exclusivity provision by offering to the Plaintiff's competitors a textured fabric, Vanishing Point, which the Court found was "nearly identical to" the Plaintiff's product. *Id.* at 4. With respect to paragraph three's prohi-

bition against interfering with the Plaintiff's ability to produce, market, or sell its product, we conclude that the District Court was primarily concerned with the Defendants' statements to the trade that the Plaintiff did not have an exclusive arrangement with the Squires Hightech. As Walton Owen, Vice President of Custom Sports Apparel, testified, these statements were interfering with the Plaintiff's ability to sell its product. The record reflects evidence of such statements and their effect. *See* Transcript of Aug. 21, 2001, at 83.

With respect to paragraph two of the injunction, we agree with the Appellants that the District Court has not made findings as to the existence and general nature of any protectable trade secret of the Plaintiff or of an actual or threatened disclosure of such a secret by the Defendants. There is some testimony that Walton imparted proprietary information concerning important features of the finished product and possibly ways of assuring production of a satisfactory product, but it is not clear whether he was referring to manufacturing processes that might amount to trade secrets or merely to the need to exercise care during the manufacturing process to guard against inadequately finished product. In any event, no adequate findings support paragraph two. We will therefore vacate paragraph two of the injunction and remand to afford the Plaintiff an opportunity to seek findings adequate to support a component of the injunction prohibiting disclosure of trade secrets or propriety information imparted from the Plaintiff to the Defendants in implementation of their contract, in the event that the Plaintiff wishes to pursue such a remedy.

4. The Appellants also challenge the scope of paragraphs one and three. We agree that in some respects these paragraphs potentially cover more ground than might have been intended by the District Court, and that some modification is warranted. With respect to paragraph one, we modify the language by inserting the words "substantially similar" after the words "or any other." With respect to paragraph three, we modify the language to read as follows:

intentionally interfering, directly or indirectly, with Custom Sports Apparel, Inc.'s ability to produce, market, or sell its three-dimensional textured, flocked fabric products by threatening or making disparaging comments in bad faith concerning Custom Sports Apparel, Inc., concerning any converter used by Custom Sports Apparel, Inc. for production of such products, or concerning anyone selling such products of Custom Sports Apparel, Inc. Nothing contained in this injunction shall be construed to prevent the Defendants from enforcing in good faith any rights they may have in valid patents.

5. We have considered the Appellants' other challenges to the injunction and conclude that they lack merit.

Accordingly, paragraphs one and three of the injunction are modified as set forth above; paragraph two of the injunction is vacated; the injunction, as partially vacated and as otherwise modified in this Order, is affirmed; and the case is remanded to afford the Plaintiff an opportunity to seek further findings in support of a component of the injunction concerning trade secrets or proprietary information.